**Ronnie Lee JACKSON**

v.

**Warden Ronnie HOLT.**

No. 05-3743.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and
I.O.P. 10.6 Oct. 14, 2005.

Decided Nov. 9, 2005.

Ronnie Lee Jackson, Minersville, PA,
pro se.

Kate L. Mershimer, Office of United
States Attorney, Harrisburg, PA, for Warden Ronnie Holt.

Before SLOVITER, McKEE and
FISHER, Circuit Judges.

OPINION

PER CURIAM

Ronnie Lee Jackson appeals from the
District Court's order denying his habeas
corpus petition filed pursuant to 28 U.S.C.
§ 2241. In his habeas petition, Jackson
challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons
(BOP). Because we conclude that Jackson's appeal presents no substantial question, we will summarily affirm the District
Court's order.

Jackson is currently incarcerated at the
Federal Correctional Institution–Schuylkill
in Minersville, Pennsylvania, serving a federal sentence of 84 months imposed in
2003. According to the BOP, Jackson is
eligible under the applicable statute, 18
U.S.C. § 3624(b), to earn up to 329 days of
GCT. The BOP's calculation of GCT is
based on the time Jackson will actually
serve in prison, not on the entire 84–month
sentence imposed. The BOP projects
Jackson's release date as April 22, 2009.

After administratively challenging the
BOP's calculation of his GCT, Jackson filed
a § 2241 habeas corpus petition in the
District Court. In his habeas petition,
Jackson argues that the BOP's calculation
of his GCT deprives him of the amount to
which he is entitled by statute. Jackson
asserts that § 3624(b) allows him to earn
up to 54 days per year based on the term
of sentence imposed, not 54 days per year
based on time actually served as the BOP's
calculation provides. The District Court
rejected Jackson's position and denied his
habeas petition. Jackson appeals.[1]

We will affirm the District Court's order. As the District Court correctly stated, we resolved this issue in *O'Donald v.
Johns,* 402 F.3d 172 (3d Cir.2005). In
*O'Donald,* we held that the meaning of
§ 3624(b) is ambiguous and thus deferred

1. We have jurisdiction pursuant to 28 U.S.C.
§§ 1291 and 2253(a). We exercise plenary
review over the District Court's legal conclusions and apply a clearly erroneous standard
to its findings of fact. *See Ruggiano v. Reish,*
307 F.3d 121, 126 (3d Cir.2002).

to the BOP's reasonable interpretation of the statute. *See id.* at 174. Jackson's challenge, identical to the one raised and rejected in *O'Donald,* is unavailing.[2]

In short, we conclude that Jackson's appeal is controlled by *O'Donald* and thus presents no substantial question. Accordingly, we will summarily affirm the District Court's order. *See* Third Circuit L.A.R. 27.4, I.O.P. 10.6.

**2.** We note Jackson's suggestion that we overrule *O'Donald.* We lack the authority to do so, however—only the Court en banc has such authority. *See* Third Circuit Internal Operating Procedure 9.1. We note also that on October 4, 2005, the Court denied David O'Donald's petition for rehearing en banc.